Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN HOWARTH**, | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **SPARK ENERGY**, | ) **FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

**COMPLAINT**

JOHN HOWARTH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SPARK ENERGY ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Gloucester City, New Jersey 08030.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its headquarters located at 12140 Wickchester Lane, Suite 100, Houston, Texas 77079.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has solely used this phone as a cellular telephone.

12. Beginning in or around late September 2017 and continuing through October 2017, Defendant placed repeated calls to Plaintiff's cellular telephone, often calling Plaintiff multiple times daily.

13. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a recorded message prior to connecting to one of Defendant's live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop these repeated telemarketing calls, Plaintiff spoke to Defendant in or about early to mid-October 2017 and insisted that Defendant cease contacting him on his cellular telephone.

17. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. Much to Plaintiff's consternation and disgust, Defendant persisted in calling Plaintiff repeatedly each day despite further demands to Defendant to stop calling.

19. Defendant's incessant calls were frustrating and irritating to Plaintiff throughout this time period.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, on and after early to mid-October 2017, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN HOWARTH, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN HOWARTH, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

1
2  DATED: April 20, 2018                By: */s/ Amy L. Bennecoff Ginsburg*
3                                       Amy L. Bennecoff Ginsburg, Esq.
                                        Kimmel & Silverman, P.C.
4                                       30 East Butler Pike
                                        Ambler, PA 19002
5                                       Phone: (215) 540-8888
                                        Facsimile: (877) 788-2864
6                                       Email: aginsburg@creditlaw.com
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25